UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS R. SIMPSON, III, | ) | CASE NO. ED CV 04-00910 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

///
///
///

I.

On November 25, 2002, Plaintiff Thomas R. Simpson, III applied for Disability Insurance Benefits under Title II of the Social Security Act. [AR 63-67.] He asserted that a combination of ailments, including depression, generalized anxiety and irritable bowel syndrome, rendered him unable to work from February 25, 2002 until he resumed full-time employment as a pharmacist on March 31, 2003. [AR 205-06.] The Social Security Administration denied benefits both initially and on reconsideration. Following an administrative hearing on February 4, 2004, the Administrative Law Judge determined that Plaintiff was not disabled because his impairments were not "severe." [AR 202 *et seq*.] The Appeals Council denied review – albeit with an unusual comment addressing the lack of an express lack-of-credibility finding in the underlying opinion. [AR 3.] The decision of the Administrative Law Judge thus became the decision of the Commissioner, 20 C.F.R. § 404.981; *Sims v. Apfel,* 530 U.S. 103, 107 (2000), with that added comment regarding credibility. Plaintiff timely sought review in this Court.

II.

Plaintiff's first of two arguments for reversal or remand is that the Administrative Law Judge failed to make a finding that Plaintiff was not credible. Defendant candidly acknowledges this omission but counters that the flaw was cured by the following comment made by the Appeals Council in declining review:

> The Appeals Council notes that the Decision did not include a finding on credibility. However, on page 4 of the Decision, the Administrative Law Judge provided rationale[,] including your level of activity after your alleged onset date and intermittent treatment[,] to conclude in the last paragraph of page 4 of the Decision that {allegations} of a severe mental impairment were inconsistent with the record. Therefore, lack

of a credibility finding was an oversight which did not affect the outcome of the decision.

[AR 3 (text in {braces} appears in [brackets] in original).] Indeed, in the underlying Opinion, the Administrative Law Judge observed that Plaintiff, at a time when he alleged he was unable to work,

> attempted on two occasions to start up his own computer business and only quit because his business failed. In addition to working at these jobs[,] the claimant lived by himself and was responsible for his own shopping, cooking, and household chores. The claimant paid his own bills and was able to drive himself wherever he needed to go.

[AR 13.] Such daily activities provide substantial evidence for a finding that Plaintiff's "[allegations] of a severe mental impairment were inconsistent with the record." *See Crane v. Shalala,* 76 F.3d 251, 254 (9th Cir. 1996); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The Court concludes that the Appeals Council effectively cured the omission by the Administrative Law Judge. *See Ramirez v. Shalala*, 8 F.3d 1449, 1451-53 (9th Cir. 1993) (Appeals Council's consideration of record evidence forms part of the record before the Court for review). That "cure" enjoys substantial evidentiary support, and Plaintiff has failed to show that it constituted legal error.

## III.

Plaintiff's second and final argument is that the Administrative Law Judge improperly rejected, and failed to address, a third-party "daily activities questionnaire" supplied by Plaintiff's son. As a preliminary matter, the judge is not required to address every single item in a claimant's record, and a failure to address some items is not

tantamount to a failure to consider them or a rejection of them. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Such questionnaires can supply useful information about how a claimant's alleged impairments impact his ability to perform gainful employment, however, *see* 20 C.F.R. § 404.1513(d)(4), and the Administrative Law may reject them only for specific reasons germane to the particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). But *Dodrill* counsels that witnesses who observe the claimant daily are entitled to greater consideration than those who see the claimant less often, *id.*, and the Plaintiff's son admitted that he or his brother visited Plaintiff only "about once a month." [AR 107.] Thus, the Administrative Law Judge was entitled to accord little weight to the son's observations.

More centrally, the only three assertions by Plaintiff's son that Plaintiff highlighted in his brief are too vague and tepid to require reversal or remand: "it appears on some days he does not shower" [AR 105]; "he seems sometimes to get easily frustrated and will ask for my help" [AR 108]; "sometimes he'll call me up a day or two after I've told him something, and he won't recall the specifics." [AR 108.] Even if these statements are credited, they would not alter the Court's view that (1) substantial evidence supports the underlying *non*-disability finding and (2) the ruling was free of legal error.

V.

In accordance with the foregoing, the Commissioner's decision is affirmed.

DATED:   January   5  , 2006

/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE